Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:20-CR-00051-WFN-1 |
| vs. | United States' Sentencing Memorandum |
| JONATHON WESLEY BISHOP, | |
| Defendant. | |

  Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits this memorandum setting forth the government's position at sentencing. The government recommends that the Court sentence the defendant to a term of imprisonment of 78 months, followed by an eight-year term of supervised release.

Gov.'s Sentencing Memorandum – 1

## INTRODUCTION

Defendant pleaded guilty to receipt of child pornography, whereby the government limited its recommendation to a within-guideline recommendation. ECF No. 61 at 7. Statute requires a prison sentence of 5-20 years, followed by at least a five-year term of supervised release. The Court may also impose up to a $250,000 fine, in addition to special assessments under 18 U.S.C. §§ 2259A, 3013, and 3014(a)(4). PSR ¶¶ 78-80.

The United States agrees with the procedural history and offense conduct detailed in paragraphs one through 16 of the initial Presentence Investigation Report (hereinafter "PSR"). ECF No. 68. Neither party filed objections to the PSR.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

Gov.'s Sentencing Memorandum – 2

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

### I. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

#### A. Offense Level Calculation

The PSR correctly calculated the defendant's total offense level as 34. PSR ¶ 37.

#### B. Criminal History Calculation

The PSR calculated the defendant's criminal history category as Category I. PSR ¶ 43. The government is reviewing whether points should be assessed for Defendant having committed child pornography crimes while a state theft case was pending. PSR ¶ 46.

#### C. Advisory Guideline Range

Based upon a total offense level of 34 and a criminal history category of I, the advisory guideline imprisonment range is 151-188. PSR ¶ 70.

Gov.'s Sentencing Memorandum – 3

## II. Imposition of a Sentence under 18 U.S.C. § 3553

### A. 18 U.S.C. § 3553(a) factors

#### 1. The nature and circumstances of the offense

The nature and circumstances of Defendant's offense warrants a sentence of 78 months, followed by an eight-year term of supervised release. Defendant is not a true first-time offender, although this will be his first child pornography crime conviction. Defendant was first caught trading child pornography files after an undercover federal agent was able to download thousands of child pornography files from Defendant over a six-month time span in 2019. ECF No. 61 at 4; PSR ¶¶ 9-10. In August of that year, the FBI executed a search warrant at Defendant's home and seized Defendant's electronic devices. ECF No. 61 at 4; PSR ¶ 11. Defendant admitted to downloading child pornography mostly on an Xbox One gaming system. ECF No. 61 at 4-5; PSR ¶ 12. Agents were unable to search the Xbox, but they discovered 23 images of child pornography on Defendant's phone, which Defendant admitted to using to take pictures of what he downloaded. ECF No. 61 at 5; PSR ¶ 12.

No less than six months later, Defendant was again online, again trading child pornography files. ECF No. 61 at 5; PSR ¶ 13. The FBI again executed a

Gov.'s Sentencing Memorandum – 4

search warrant at Defendant's home and again seized Defendant's devices.[1]  A sentence above the mandatory minimum five years is warranted based on these facts.

2. The history and characteristics of the defendant

Defendant's history and characteristics also support a 78-month sentence. First, as noted above, Defendant returned to additional child pornography crimes even after having his life disrupted by the execution of a federal search warrant at his home and his sexual interest in minors discovered.  Defendant also committed another offense since then – a third degree theft, which was ultimately dismissed pursuant to a deferred prosecution agreement in state court.  PSR ¶¶ 46-48.

It bears noting that at the time of the first search warrant execution in August 2019, Defendant informed agents that he wanted to get help and that his meth addiction was the "stem" of his child pornography activities.[2]  Defendant reported his last use of methamphetamine was approximately one year prior to his arrest on June 11, 2020.  PSR ¶¶ 2, 59.  Nevertheless, Defendant was caught sharing child pornography from February to April 2020, despite abstaining from methamphetamine supposedly since the first time he was caught in 2019.

---

[1] Defendant was indicted based on the 2019 activity, and the need to supersede with the 2020 activity was rendered moot by resolution of the case as reflected in the Plea Agreement.  ECF Nos. 1, 61.
[2] FBI Serial, Bates Nos. 6 – 6.05.

Gov.'s Sentencing Memorandum – 5

> 3. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.**

Crimes involving the sexual exploitation of a minor child are among the most serious and reprehensible crimes that can be committed. A sentence of 78 months, followed by an eight-year term of supervised release, recognizes this, promotes respect for the law, and is just punishment.

> 4. **The need for the sentence imposed to afford adequate deterrence and to protect the public.**

The government's recommended sentence protects the public and serves the goal of general and specific deterrence. Defendant is in particular need of specific deterrence. After first being caught trading child pornography images online and having federal agents search his home, at which time Defendant inquired of the penalty for his crime and expressed concern over going to prison,[3] Defendant nevertheless returned to his criminal conduct no less than six months later. Neither the fear of prison, nor the fact that his conduct could jeopardize his visitation with his minor children, was enough to deter him from returning not only to crime, but to the very same activity for which he was previously caught.

The public is protected from Defendant's crimes while he is serving a custodial sentence and hopefully beyond, if he is successfully deterred from criminal

---

[3] FBI Serial, Bates Nos. 6 – 6.05.

Gov.'s Sentencing Memorandum – 6

activity by his sentence and takes advantage of rehabilitative programs and tools offered while in custody and upon release. Such a sentence also puts other offenders on notice of the strict consequences that flow from victimizing our youth.

5. The kinds of sentences available

The Court must sentence Defendant to at least five years in prison, followed by at least a five-year term of supervised release. PSR ¶¶ 69, 71. The prison sentence may not exceed 20 years, but supervised release may be for life. PSR ¶¶ 69, 71. Defendant is ineligible for probation. PSR ¶ 73.

6. The established sentencing range

Based upon a total offense level of 34 and a criminal history category of I, the adjusted advisory guideline imprisonment range is 151-188 months. PSR ¶ 70.

7. The need to avoid unwarranted sentence disparities

The government's recommended sentence does not cause any unwarranted sentencing disparities. Of note, it is typical in this District for the government to resolve cases based on the online trading of child pornography, where the offender does not have prior history of similar conduct, nor evidence of a hands-on sexual offense against a minor, with a Rule 11(c)(1)(C) plea agreement for five years of imprisonment. However, where the offender does have other offense conduct, such as here, the government adjusts its plea agreements and sentencing recommendations accordingly. A sentence greater than true first-time child

Gov.'s Sentencing Memorandum – 7

pornography offenders typically receive in this district is appropriate, just, and fair. Were the Court to sentence Defendant merely to the mandatory minimum five years, that would be the unwarranted sentencing disparity. That would be unfair to all the offenders who do not reoffend before their case is fully prosecuted, whether on pretrial release or awaiting charges.

        8.    <u>The need to provide restitution to any victims of the offense</u>

Although the Plea Agreement requires restitution be paid to two Series victims, that provision of the Plea Agreement is in error. The government has not received any requests for restitution in this case.

        B.    <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id*. at 108-09 (internal quotation marks omitted). Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id*. (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

Gov.'s Sentencing Memorandum – 8

### III.  $5,000 Special Assessment of the JVTA

The United States seeks the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). Assessments paid under the JVTA are deposited into the Domestic Trafficking Victims Fund for grants to enhance programs that assist trafficking victims and provide services for victims of child pornography.

Under the JVTA, the Court "shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under ... (3) chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a)(3). In imposing a JVTA assessment, the non-indigency of a defendant is the governing deliberation and the statute does not require the court to consider the factors enumerated in 18 U.S.C. § 3572 with respect to the entry of a non-JVTA fine. *See generally* 18 U.S.C. § 3014 (no reference to or requirement upon the court to evaluate the 18 U.S.C. § 3572 factors when imposing a JVTA assessment).

Whether a defendant is non-indigent for the purposes of a JVTA assessment is determined not by a static snapshot of a defendant's financial condition at the time of sentencing, but instead should be based on considerations of a defendant's current and future financial condition.

> [A] district court must resolve two basic questions in assessing the defendant's indigency: (1) Is the defendant impoverished now; and (2) if so, does the defendant have the

Gov.'s Sentencing Memorandum – 9

> means to provide for himself so that he will not always be impoverished?
>
> …
>
> Because the defendant's obligation to pay persists for at least twenty years after his sentencing, it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing. That snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing. Rather, the defendant's employment prospects and earnings potential are probative of his ability to pay the assessment—and are fair game for the court to consider at sentencing.

*United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019).

## IV.     $35,000 Special Assessment of the AVAA

The United States seeks the imposition of a special assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA). Assessments paid under the AVAA are deposited into the Child Pornography Victims Reserve, which funds are available to victims in partial or full satisfaction of their restitution claims. 18 U.S.C. §§ 2259B(b), 2259(d). "It is the intent of Congress that victims of child pornography be compensated for the harms resulting from every perpetrator who contributes to their anguish. Such an aggregate causation standard reflects the nature of child pornography and the unique ways that it actually harms victims." AVAA, PL 115-299, December 7, 2018, 132 Stat 4383.

Under the AVAA, the Court shall assess not more than $35,000 on any person convicted of receipt of child pornography. PSR ¶ 79; 18 U.S.C. § 2259A(a)(1). This

Gov.'s Sentencing Memorandum – 10

assessment is "in addition to any other criminal penalty, restitution, or special assessment authorized by law." § 2259A(a). Imposition of an AVAA assessment "does not relieve a defendant of, or entitle a defendant to reduce the amount of, any other penalty by the amount of the assessment." 18 U.S.C. § 2259A(2).

In determining the amount of AVAA assessment to impose, the Court shall "consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c). These factors include, in addition to the 3553(a) factors discussed above:

(1) The defendant's income, earning capacity, and financial resources;
(2) The burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially depending on the defendant, relative to the burden that alternative punishments would impose;
(3) Any pecuniary loss inflicted upon others as a result of the offense;
(4) Whether restitution is ordered or made and the amount of such restitution;
(5) The need to deprive the defendant of illegally obtained gains from the offense;
(6) The expected costs to the government of any imprisonment, supervised, release, or probation component of the sentence; [and]
(7) Whether the defendant can pass on to consumers or other persons the expense of the fine.

18 U.S.C. § 3572(a).

If Defendant was subject to a restitution order, that would be a § 3572 factor weighing against imposition of an AVAA assessment. 18 U.S.C. § 3572(a)(4).

Gov.'s Sentencing Memorandum – 11

Instead, however, the government is balancing its request of a $5,000 AVAA assessment with imposition of the JVTA assessment. The government notes that $5,000 is less than the statutory restitution to even two victims under the AVAA. *See* PSR ¶ 82; 18 U.S.C. § 2259.

Defendant would be able to pay $25 per quarter through the Inmate Financial Responsibility Program during his period of incarceration towards any assessment. Even if no IFRP earnings are contributed, Defendant could make payments while on supervised release, without unreasonably burdening Defendant. If the Court imposes both an AVAA assessment and a JVTA assessment, Defendant's payments would go first to the AVAA assessment. 18 U.S.C. § 2259A(d)(2).

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 78 months, followed by eight years of supervised release for Defendant's commission of the crime of attempted production of child pornography. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

///

///

Gov.'s Sentencing Memorandum – 12

Respectfully submitted: March 7, 2022.

Vanessa R. Waldref
United States Attorney

s/ Ann T. Wick
Ann T. Wick
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

s/ Ann T. Wick
Ann T. Wick
Assistant United States Attorney